UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


RELIANCE NATIONAL INSURANCE CO.                    CIVIL ACTION

VERSUS                                             NO. 05-2508

TEXACO EXPLORATION AND PRODUCTION, INC.            SECTION "B"(5)


 This cause came for hearing upon the Defendant's Motion for Summary Judgment (Rec. Doc. #12).  The matter was taken under submission on April 26,  2006.  The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

<u>**ORDER AND REASONS**</u>

**I.  Background**

 On February 17, 2000, EnerVest purchased a lease known as the Bateman Lake Lease from Texaco. The sale was perfected pursuant to a Purchase Sale Agreement (PSA) which included a Dispute Resolution Agreement (DRA) requiring binding arbitration of all disputes arising out of the sale.  Two months later a pollution spill was discovered on the Lease.  The

origin of the spill was a pipe included in the Texaco/EnerVest sale.

Initially, EnerVest sought reimbursement from Texaco for the cost of clean up.  Texaco denied any liability for the clean up but allowed EnerVest to pay for the leak clean up by drawing on an escrow account.  EnerVest was required to fund the account for payment of the Plugging and Abandonment liabilities which it assumed under the PSA.  The clean up cost was in excess of $800,000.00.

EnerVest paid the clean up costs and was ultimately reimbursed under a Comprehensive General Liability (CGL) policy issued to it by Reliance National Insurance Company.  In consideration of the payment, and pursuant to the policy, EnerVest then assigned all of its rights of recovery for the related clean up costs to Reliance who then sought recovery from Texaco.  Texaco was specifically contemplated as a prospective third party from whom recovery might be sought.

Pursuant to the DRA, the parties submitted this matter for arbitration.  The Panel was to determine whether Reliance had any right to recover from Texaco the amount it paid to EnerVest for the clean up costs.  The Panel concluded that Texaco was an additional insured under the policy, and therefore, Reliance was barred from recovering against Texaco.  Reliance then filed a Complaint to Vacate Arbitrators Award asking the Court to vacate the existing arbitration award and to submit the matter for re-arbitration.  Texaco responded with the instant Motion for Summary Judgment.

Reliance asserts that it was deprived of a fundamentally fair arbitration proceeding.  It lacked notice that the panel was considering summary dismissal under the AAI clause of the policy, which is fact intensive, and was denied an opportunity to present evidence on this issue.

2

Therefore its rights were substantially impaired and the matter should be sent back to the panel for further arbitration.

Texaco asserts that the panel had before it the PSA, the CGL policy of insurance, and their respective amendments, endorsements, and schedules which explicitly spelled out the Panel's basis for dismissing Reliance's claims.  Reliance relied on this documentary evidence in submitting this matter to the panel and cannot now claim that it did not have sufficient notice and was not given a fair opportunity to be heard or present evidence.  Further,  this Court's ability to review the decision of the panel is extremely narrow and great deference must be granted to the decision of the arbitration panel.

## II.       Law and Analysis of the Court

While in *Berk-Cohen Associates, L.L.C. v. Orkin Exterminating Company*, 264 F.Supp.2d 448, 451 (E.D. La. 2003), this Court stated that  "A district court's review of an arbitration award is usually 'extraordinarily narrow,'" the issue currently before the court is not wether the arbitration panel was justified in it's findings, but instead whether Texaco is entitled to Summary Judgment.

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1]  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a

---

[1]FED. R. CIV. P. 56(c).

3

genuine issue of material fact.[2]  When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial*."[3]  Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."[4]

Reliance's initial complaint rests upon the DRA's provision for vacation of an arbitration award , where a party is denied the opportunity to present evidence and/or its rights are substantially impaired.  Specifically, Reliance relies on Paragraphs 2 and 3 of Section II L which provide:  "2) If the Panel refused to hear evidence material to the controversy; 3) If the Panel otherwise so conducted the hearing as to substantially prejudice the rights of a party."  Therefore, to win a grant of Summary Judgment, Texaco bears the initial burden of demonstrating that the record as a whole does not support a genuine issue of material fact with regard to these two provisions of the DRA.

To that end, Texaco asserts that Reliance cannot claim that it did not have sufficient notice and was not given a fair opportunity to be heard or present evidence, because it was Reliance that provided the Arbitration Panel the contracts and documentation upon which the Panel made it's decision. On December 8, 2004, a representative of the arbitration panel issued a memorandum to both parties in which it requested that both sides submit a "statement of the

---

[2]*Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir. 1996) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), *cert. denied*, 506 U.S. 832 (1992)).

[3] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir. 1995).

[4] *Id.* at 588.

issues in the case, the relevant background, and *any other matters deemed to be of importance in the resolution of the dispute*."[5]   (Exhibit F, Correspondence dated 12/08/04) (emphasis added). Reliance responded to this request by providing an initial position paper laying out it's various causes of action against Texaco and attaching the PSA and it's amendments.

The first cause of action laid out by Reliance's position paper was that of Breach of Contract, focusing on the specific provisions of the PSA that Reliance thought best supported it's position. In response, Texaco's position paper moved for Summary Dismissal citing PSA Section 4.2(j) which obligated "Enervest to procure insurance that waives all rights of subrogation against Texaco *and name[s] Texaco as an additional insured*."   (Exhibit E, Texaco's Initial Position Paper) (emphasis added).  Additionally, Texaco answered the specific provisions of the PSA addressed by Reliance.

This exchange of correspondence indicates that each party anticipated contractual interpretation would play a major role in the arbitration panels decision, and should have placed them both on notice of the need for the arbitration panel to review the contract in it's entirety. As Reliance provided these documents to the panel and built it's own argument upon them, it is difficult to see how it can now argue that "the Panel refused to hear evidence material to the controversy," in violation of the DRA, particularly in light of the fact that Texaco argued for summary dismissal citing the additional insured clause.  Reliance had ample time to respond to this argument but failed to do so, relying instead upon the strength of the argument it had already

---

[5] Though the memorandum recognizes that the "waiver of subrogation" provision in the sales contract might prove to be dispositive, it does not indicate that this is the only issue that the panel intended to address.  In fact, the memorandum itself was a request for the parties to assist in establishing what the issues before it would be.

put forward.[6]

As Texaco has met its burden, Rule 56(c) requires that Reliance do more than simply show that there is some metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial*."  As Texaco points out, even now Reliance has not proffered any evidence or arguments that it would have made had it been given the opportunity.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment on behalf of the Defendant, Texaco, is hereby **GRANTED.**


New Orleans, Louisiana, this 26th day of July, 2006.

**IVAN L.R. LEMELLE**
**UNITED STATES DISTRICT JUDGE**

---

[6] Texaco's position paper was submitted on January 18, 2005. The arbitration panel did not issue a decision until June 8, 2005, nearly six months later. There is no evidence in the record indicating that Reliance attempted to submit documentation in opposition or even contacted the arbitration panel with its concern over Texaco's request for Summary Dismissal, let alone that the panel refused to consider it.